This case is case number 41509-2, the people of the state of Illinois v. Gerald Wayne White. For the appellant, we have Mr. Gentithis, and for the appellee, we have Mr. Zimmerman. You may proceed, counsel. Good morning, your honors. My name is Michael Gentithis on behalf of the appellant, Gerald Wayne White. Mr. White filed a pro se post-conviction petition with three claims that were never adjudicated below. First, his claim that John Hall Sr. couldn't provide an exonerating testimony. Second, that his counsel five days before trial indicated he was unprepared, and yet Mr. White was denied counsel choice. And third, that communication with that trial counsel had broken down in the days preceding trial. Now, the reason none of those three claims were adjudicated below is because post-conviction counsel failed to include them in any of his amended petitions. That failure amounted to a violation of Rule 651C and the provision of unreasonable assistance of counsel requiring reversal here. Now, the record doesn't show compliance with Rule 651C. Counsel did not make the amendments necessary for an adequate presentation of my client's pro se claims. He failed to adequately present the three meritorious, non-frivolous claims I've described earlier, and it's not clear that counsel reviewed the record. Counsel, had he reviewed the record, may have noticed these issues with unprepared counsel shortly before trial, and been able to craft them appropriately within the amended petition. Counsel also did not file a Rule 651C certificate, and that's even after the circuit court provided some eight months for him to do so. If he files that certificate, perhaps we have a different case. Perhaps there's an assumption that can be made about counsel's strategic choices about which claims to include in subsequent petitions. But without that, we do not know if counsel has properly reviewed the record, and it's clear that he's failed to adequately present these potentially meritorious claims. That's why Rule 651... Can you talk to us about what impact, when counsel filed his petition and when the defendant filed his petition, what impact that may have on our analysis here? So, in this scenario of facts, Mr. White had no way to practically know that counsel's petition would hit the courthouse eight days before his own. He's incarcerated, and the mailing system in that situation is a difficult animal, to say the least. So, effectively, these are simultaneous petitions. So, is that your language, or do we find that somewhere in a case where we're looking at whether or not effectively they've been filed simultaneously? That's the proposal from Mr. White. The prior cases that have dealt with this scenario are lacking in this exact factual pattern. There are cases where the defendant filed his first, right? And counsel followed the defendant. In those scenarios, it's the defendant filing a pro se petition. For instance, as in Richmond, at the first stage, which is then advanced to the second stage for appointed counsel. And counsel gets involved. And counsel's involved only at that second stage. The cases cited in the state's brief involve the opposite, where petition, or rather a counsel petition, is the only one filed at the first stage. And that is followed all the way through. But this scenario, where both a pro se and a counsel petition are filed at effectively the same time, has not been addressed in any specific decision. In that scenario, Rule 651C ought to apply. Counsel, in that situation, is analogous to second stage appointed counsel. There is a pro se filing for that counsel to review. That petition was, in this case, advanced to the second stage. Doesn't that put us in the position of appointed counsel, or post-conviction counsel, and defendant both getting to do what they want to do at that first stage? I mean, how do you get to file a motion when you're already represented? Not necessarily, Your Honor. In the factual scenario here, it's clear that Mr. White didn't believe his counsel was going to follow through on their agreement to file a post-conviction petition. That's why he was in a rush to ensure his claims were on the record. There's nothing on the record where Mr. White explains his thinking. The timing itself... Then that doesn't exist. The timing itself suggests that Mr. White didn't believe counsel was going to file. There's no reason for him to take the step of filing pro se if he believes counsel is going to follow through and deliver on their agreement, filing a counsel petition. Is there an affidavit to that effect? There is not. But again, the timing itself suggests that that's why Mr. White felt the need to get something on the record, to get his claims heard. And his concerns were well-founded. As we see as the case proceeds, counsel fails to fully incorporate the pro se filing. His post-conviction counsel, was that someone hired by the defendant? Yes, Your Honor. This Court has written a lot, and it's never more applicable than when it's privately retained counsel, that when counsel is on the scene, we don't care. And trial courts can entirely ignore what pro se defendants file. In those cases, counsel filed the only petition at the first stage. No, no. I'm talking about... In general. I'm talking about in general. I mean, if at trial or at any stage, and one of the problems we have, and this Court has written about a lot, is trial judges who entertain motions filed by defendants at trial or at any stage, when they're represented by counsel. And our advice is, note it and ignore it. Say, Mr. Defendant, say you have a lawyer, and I'm not going to hear your motion. Why shouldn't it apply here as well? I mean, Mr. Gentile, the thing about it is, as Justice Steinman likes to say, you've got years of trial court experience up here, and I would have to respectfully disagree with your statement that the timing suggests that he was not confident that his counsel would file something. When you're at the trial court level, you see defendants filing things all the time when they have counsel, irrespective of what they think counsel is going to do. I mean, they have a lot of time to spend on their cases, and I'm sure it's all they're thinking about. And so, you see that quite frequently. I think it would be a mistake to assume that that's why it was filed. And there's no hard and fast rule that Mr. White is suggesting for the timing as far as what could be effectively simultaneous. That would have to be a case-by-case analysis. Why shouldn't the trial court, why shouldn't this court literally disregard what the defendant filed? The claim is not that the circuit court should, that the onus is on the circuit court to address that filing separately, to address your concerns about sort of opening a Pandora's box. It's that counsel should have complied with Rule 651C. It was on counsel to ensure that potentially non-frivolous claims are incorporated in the subsequent filing. And that's where the onus lies. Has that ever been held to apply to a situation where there's a privately retained counsel who's filed a petition, a post-conviction petition, on behalf of the post-conviction defendant? No, but it's never been held the opposite. Well, but the policy behind it doesn't fit, does it? I mean, the typical situation is a guy files a PC, gets past the first stage because the trial court decides it's not frivolous or faithfully without merit, and appoints counsel, which is, what, 95% of the PCs, they don't have the resources, I'm guessing, to hire counsel of their own choice. So, now, we've appointed counsel. Now, the Supreme Court in 651 is concerned to make sure that this counsel is going to do what counsel should do to make sure what is the position of the defendant, what are his concerns, etc. Where the defendant has hired an attorney to file a post-conviction petition on his behalf, and counsel's done it, why does any of the policy I've just described apply? First, by its own terms, Rule 651C applies in a scenario where there are pro se filings. Well, that assumes that the trial court or this court needs to pay any attention to the pro se filing, which is why I started that way. See, my point is, if there's private counsel who's active, then the trial court and this court both can simply disregard whatever it is the defendant himself has filed until such time as he says, I'm firing that guy and I want to go with my own petition. But 651C puts the onus on counsel to ensure that those pro se claims are amended as necessary to ensure their preservation. No, it doesn't. It ensures that if it's court-appointed counsel in the scenario I just described. There's no reason why that should apply when you have privately retained counsel. If it does not apply, then there are pro se filings in this case that Mr. White has that are potentially meritorious. No, they aren't. By definition, they aren't and they can't be. You see, maybe I'm not making myself clear on this. When there's an attorney for the defendant, I don't care what the defendant files. You start talking about the merits, the whole point is the trial judge and this court ought not even consider what the merits might be until such time as the defendant fires his counsel. I agree that Rule 651C would not require circuit court evaluation of the merits of these claims. What it requires is that counsel incorporate any potentially non-frivolous claims and in this scenario could have provided a Rule 651C certificate to put the matter to rest. Without that rule applying in this scenario, it's a waste of judicial resources to require Mr. White to now return to the circuit court, file another post-conviction petition that will include these claims, have them adjudicated separately in another proceeding rather than putting the onus on counsel to ensure that all those claims are incorporated in a single adjudication and can be dealt with a single time by the lower courts and by this court. And again, even if Rule 651C does not apply, counsel's assistance was unreasonable. It was unreasonable to neither incorporate the pro se filing as a whole nor to include these specific claims. First, taking as true Mr. Hull's accusations in his affidavit that he could provide exonerating testimony about the alleged delivery. We don't know his perspective. It's premature at this stage for the state to argue that that would be merely cumulative testimony. That's the sort of thing that ought to be resolved in a third stage evidentiary hearing where his testimony is live and we can assess his credibility. Furthermore, private counsel Brian King indicated just five days before trial that he was unprepared to proceed and yet the circuit court denied Mr. White his right to counsel of choice simply because he'd been represented before, forcing him to go pro se or go with Mr. King. And that unpreparedness of Mr. King also evidences his lack of communication with Mr. White in the days preceding trial. Those three issues should have been included in the amended post-conviction petitions. It was unreasonable not to thereby include them. Well, isn't it, would it be accurate to say that Hull's Hull's potential testimony was even less specific and more vague than Voight-Not's? Well, we don't have his testimony yet. We have his affidavit. His affidavit. And given the stage we are in, that affidavit should provide enough evidence of potentially exonerating testimony to advance this to the third stage where his testimony can be heard live. It can be assessed against Mr. Voight-Not's. Was that addressed at the trial court? Mr. Hull's testimony? No, it was not addressed at the trial court. I mean, the trial court didn't say, well, the people who were standing outside somewhere could have seen that's not in the video of their officer or didn't see what is conjecture. I'm sorry, could you repeat the quotation? Well, that makes sense, except that what he's saying is it's all conjecture. Who cares who else was present? Well, by and large... That might have been somewhere in the neighborhood or even inside the house. They say, I didn't see an exchange. The only way you'd see an exchange is if you were near the exchange. Mr. Hull's affidavit suggests he does not see Mr. Voight leaning into the car at all. There was no exchange of any sort. There wasn't even the opportunity for him to exchange something with Ms. Lindorfer. And that testimony is potentially exonerating even in light of the descriptions given previously at trial. And it's not necessarily cumulative with Mr. Voight not's testimony. Again, this is a new perspective that we haven't evaluated in a hearing yet. We don't know exactly where he's standing. We don't know what he is able to perceive. And to judge his credibility at the second stage before hearing his testimony would be premature. It was unreasonable for counsel to fail to include that claim on these facts. And that unreasonable assistance of counsel also requires reversal in this case. Are there no further questions? I don't see any at this time. You'll have extra time while we're bubbling. Thank you. Thank you, Your Honors. Mr. Zimmerman. May it please the Court. Counsel. Good morning, Your Honors. My name is John Zimmerman. I'm from the Fourth District Hellick Prosecutor's Office here on behalf of the state.  a defendant is not entitled to a hybrid representation. This means the trial court does not need a hybrid representation. It does not need to consider any pro se motions while he's represented by competent counsel. Indeed, the right to self-representation and the right to assistance of counsel cannot be exercised at the same time. You're repeating to us what we've already said. We understand those principles. As that is the case, in this case, defense counsel was the individual who filed the post-conviction petition. This means that, as Your Honors noted, the defendant's pro se petition should be ignored as it was by the trial court. The trial court, in fact, characterized it as a successive post-conviction petition and ruled that it would disregard it and it instead continued counsel's post-conviction petition to the second stage of the proceedings. It also permitted the filing of two amended post-conviction petitions by the lawyer. Didn't it? Yes, Your Honor. Some of which included things that the defendant had raised. Yes. So the court didn't pay any attention to what the defendant said but it gave time for that to be incorporated in to the post-conviction petition to the extent that counsel believed it was appropriate. Yes, Your Honor. So that's the state's initial position is that Rule 651C does not apply for these reasons previously discussed and regardless of whether 651C applies counsel provided defendant with the reasonable assistance of counsel. As Your Honor stated, 651C requires counsel to consult with the defendant to examine the record and to make any amendments that properly characterize and adequately present defendant's contentions. If you look at the state's brief from page 11 to 12 it shows the exemplary performance of post-conviction counsel. As Your Honor just stated he filed multiple amended petitions. The initial one was 20 pages long 21 pages long the second one was 27 pages long he filed a 31 page statement of facts. This clearly shows that post-conviction counsel examined the record he further stated on the record below that he met with the defendant while he was incarcerated he discussed the claims with them notably even at a proceeding below there was a discussion regarding whether defendant wanted to raise any additional claims regarding the ineffective assistance of counsel and defendant decided not to. Moreover, regarding the three claims that defendant said post-conviction counsel failed to raise these are all without merit as Your Honor Justice Connect stated this testimony from John Hall Sr. was rejected by the trial court I believe at a crankle inquiry following the trial they stated it was inconclusive it wouldn't have changed the result and it was ultimately without merit thus post-conviction counsel was not required to raise it as they're not required to further claims that are without merit or frivolous Second claim is that the trial court erred by denying defendant's request to hire a new counsel of choice again, counsel or defendant went through numerous attorneys throughout these proceedings this is an issue that the trial court had to deal with on multiple occasions I believe at the time of when this claim arose the trial court stated that this was defendant's third attorney and he was either going to have to go forth to trial with this attorney or proceed pro se defendant decided to go forth with this attorney regarding counsel's unpreparedness when the trial court inquired about counsel's preparedness counsel stated he did not need more time to prepare this shows that these claims are without merit lastly the trial counsel did not speak to defendant in the days prior to trial again at the crankle inquiry the defendant testified that counsel did in fact communicate with him prior to trial and trial counsel when he was called up also acknowledged that they were communicating as a result all of these claims are clearly without merit and post conviction counsel did not provide reasonable assistance for failing to raise these meritless claims counsel should any of these claims been raised should they have been raised on direct appeal yes I believe in our brief we set forth that the trial court denying his request to hire counsel if that should have been raised and it was not raised on direct appeal obviously if forfeiture is what your honors would like to do the state fully supports that decision as well again rule 651c does not apply these claims are all without merit and if there is no further questions the state rests I don't see any at this time thank you thank you your honors any rebuttal counsel just a few brief points in rebuttal first counsel harps upon the treatment of Mr. White's post-conviction petition as successive again that treatment would be a waste of judicial resources it would require Mr. White to again file these potentially meritorious claims in another proceeding below and this court may be addressing them again on appeal rather than doing so applying 651c would ensure the incorporation of potentially meritorious claims at one adjudication rather than bouncing back and forth when these facts present themselves and post-conviction counsel's assistance was far from exemplary below all he had to do was suggest explicitly that he was incorporating the pro se filing and in fact that's probably what Mr. White believed had occurred that's why he doesn't raise additional issues when he's asked in court he's not the onus is not on Mr. White as a trained attorney regarding the merits of these claims it would have been ineffective assistance of appellate counsel to fail to raise issues regarding trial counsel's unpreparedness just five days before trial on the direct appeal and furthermore Mr. Hull's affidavit that sounds both an ineffective assistance of counsel and a potentially an actual innocence claim given his exonerating testimony that suggests no transaction occurred between Ms. Lindorfer and the client even though that's already been evaluated in a critical hearing by the trial court that's been evaluated based upon the testimony of Mr. Boytnot who was also a party to this alleged transaction but Mr. Hull's testimony has not been heard previously we can't evaluate its effect upon the credibility of other witnesses until he's able to give that live testimony at a third stage hearing it was again unreasonable not to include that claim and ensure that the case proceeded to that evidentiary hearing if there are no further questions we ask that this court reverse the judgment below thank you counsel we'll take this matter under advisement and be in recess